UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTIE WYRE | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 04-82-A |
| ST. HELENA PARISH SCHOOL BOARD | |
| AND | |
| GUSTAVIA CEASAR | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 04-83-A |
| IBERVILLE PARISH SCHOOL BOARD | |
| AND | |
| LIONEL DUNN, INDIVIDUALLY, ETC. | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 04-84-A |
| EAST BATON ROUGE PARISH SCHOOL BOARD | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on a motion for summary judgment by defendant, Iberville Parish School Board[1] (doc. 53) in Civil Action 04-83, *Caesar v. Iberville Parish School Board*. The motion was accompanied by defendant's

---

[1] Although the caption bears the numbers of all three actions, the motion has been filed in civil action 04-83 only. Since the claims in each case are similar but not identical to each other and there is a different school board defendant in each case, the three cases have been consolidated only for pretrial case management; thus, pleadings should be filed in each record. A separate motion for conditional class certification was filed in each case and a separate ruling filed in each case.

1

memorandum in support (doc. 54), statement of uncontested facts (doc. 55) and exhibits (doc 53, Exs. 1-3). Discovery is completed (doc. 47). To the court's surprise, no response has been filed by plaintiff. Jurisdiction is based upon 28 U.S.C. § 1331.

## FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this action on February 10, 2004 (doc. 1). Her complaint asserts individual claims as a party plaintiff based on the Fair Labor Standards Act, 29 U.S.C. § 202 et seq.. (*Id*). Plaintiff alleges that during her employment by the Iberville Parish School Board she worked up to forty hours per week without compensation at her regular rate of pay (*Id*. at 2) and that she worked in excess of forty hours per week without any compensation at an overtime rate as required by the Fair Labor Standards Act. (*Id*. at 2-3). The complaint also alleges that "the School Board routinely withheld from Plaintiff relevant and necessary information which would advise each and every potential plaintiff of their entitlement to overtime pay for all hours worked." (*Id*). Further, the complaint alleges that because the Iberville Parish School Board concealed the true status of its hourly employees or led them to believe that they were not entitled to overtime pay, the applicable statute of limitations period governing FLSA actions, 29 U.S.C. § 255(a), is tolled for as long as defendant engaged in such conduct and equitably estops defendant from raising the statute of limitations as a bar to any claims asserted herein. (*Id.*)

Plaintiff contends that she is owed a minimum of 100 hours at her regular rate of pay, a minimum of 100 hours of overtime pay (*Id.*), liquidated damages pursuant to 29 U.S.C. § 216(b), reasonable attorney fees, interest, all costs and expenses of the action, and such other general or equitable relief to which she may be entitled. (*Id.* at 5-6).

On April 27, 2004, the court transferred and consolidated plaintiff's case with two other proceedings (04-82-A and 04-84-A) for pretrial management and proceedings (doc. 6). On August 30, 2004, the Iberville Parish School Board filed a motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity (doc. 12) and a motion to dismiss on the ground that the claim was barred by the statute of limitations (doc. 10). The court denied both motions (docs. 16, 17). On April 18, 2006, plaintiff filed a motion to certify a class for collective action pursuant to the Fair Labor Standards Act (doc. 38) and the court denied the motion on September 18, 2006 (doc. 44). Plaintiff's subsequent appeal of the ruling was dismissed on July 9, 2007 for lack of jurisdiction (doc. 52).

Defendant, Iberville Parish School Board, filed this motion for summary judgment on August 17, 2007 (doc. 54). Defendant contends that plaintiff has failed to offer admissible evidence that she was denied any overtime payments that were due to her. Furthermore, defendant contends that plaintiff has failed to offer admissible evidence that the Iberville Parish School Board willfully violated the Fair

Labor Standards Act such as to extend the statute of limitations from two years to three years pursuant to U.S.C. § 255(a).

Defendant submits the following statement of uncontested material facts (doc. 55):

1. Gustavia v. Ceasar was employed by the School Board as a Food Service Technician until December 31, 2001.

2. Gustavia V. Ceasar worked as a Food Service Technician for the School Board at Iberville Elementary School which was formerly known as Plaquemine Elementary School until December, 31, 2001.

3. Gustavia V. Ceasar filed the Complaint herein alleging violations of the Fair Labor Standards Act on February 10, 2004.

4. The hours of operation of the cafeteria at Iberville Elementary School in 2001 were 6:30 a.m. to 2:00 p.m.

5. Overtime request[s] were required to be approved by the Parish Food Service Supervisor and no requests were made from the Cafeteria Manager at Iberville Elementary School in 2001.

6. No person has filed a consent to become a party plaintiff in this lawsuit.

7. The Cafeteria Manager for the Iberville Elementary School in 2001 was Annie Lee Grass who is deceased.

8. No individual time records were required to be maintained by the School Board for a period of more than two years and the individual time records for 2001, which period ended December 31, 2003 do not exist.

9. Gustavia Ceasar made no complaints or inquiries about the hours she was working in 2001 at Iberville Elementary School.

As noted *supra*, plaintiff has made no response to the motion. Thus, she has failed to contest any of the material uncontested facts submitted by defendant.

Under local rules of court, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted." LR56.2. Accordingly, the court accepts, for purposes of this motion, the statement of uncontested material facts (doc. 55), submitted by defendant.

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). However, "[u]nsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F. 3d 295, 297 (5th Cir. 1997).

"Ordinary violations of the FLSA are subject to the general 2-year statute of limitations. To obtain the benefit of the 3-year exception, the [plaintiff] must prove that the employer's conduct was willful as that term is defined in both *Thurston* and this opinion." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (*citing Trans World Airlines v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). Violations under the Fair Labor Standards Act are willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Reich v. Bay, Inc.*, 23 F.3d 110 (5th Cir. 1994) (*quoting McLaughlin*, 486 U.S. at 133). "[A] violation is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Thurston*, 469 U.S. at 128 (*citation omitted*).

Having not opposed the motion, plaintiff has failed to direct the court to any evidence from which it can be concluded that there exists a genuine issue of material fact as to whether the alleged violations of the Fair Labor Standards Act were committed either knowingly or with reckless disregard as to whether the conduct was prohibited under the statute.

Accordingly, the court concludes that the statute of limitations applicable here is two years pursuant to 29 U.S.C. § 255(a). Plaintiff terminated her employment with the Iberville Parish School Board on December 31, 2001, but did not file this action until February 10, 2004, more than two years after the alleged harm. Therefore, plaintiff is barred from asserting these claims. This action is hereby de-

consolidated from the other two actions since this ruling applies only to Civil Action 04-83.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment by defendant, Iberville Parish School Board, is hereby **GRANTED** and judgment shall be entered in favor of defendant in Civil Action 04-83.

Baton Rouge, Louisiana, November 8, 2007.

*John Parker*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA